UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KARYN BENSON,

        Plaintiff,

v.

        Case Number 07-14008-BC
        Honorable Thomas L. Ludington

LINCOLN NATIONAL LIFE INSURANCE
COMPANY, *a/k/a Jefferson Pilot Financial
Insurance Company,*

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY AND AMENDING SCHEDULING ORDER

Plaintiff Karyn Benson's ("Plaintiff") statement of procedural challenge [Dkt. # 8] is presently before the Court. Plaintiff seeks to conduct discovery into the qualifications and experience of Defendant Lincoln National Life Insurance Company's ("Defendant") physician consultants. Although Plaintiff's statement of procedural challenge was scheduled for hearing before this Court on April 23, 2008, the Court has reviewed Plaintiff's submission and concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

Plaintiff initiated this action seeking to receive benefits from a long-term disability benefits plan pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. This Court's scheduling order for ERISA cases sets out the following protocol for procedural challenges:

> [E]ach party shall file a pleading titled "Statement of Procedural Challenge in ERISA Case" or "Statement of No Procedural Challenge in ERISA Case" as appropriate. *The Statement shall indicate whether the party asserts a procedural challenge to the*

> *administrator's decision, such as an alleged lack of due process afforded by the administrator* or *alleged bias, and shall indicate the nature of the procedural challenge.*

Dkt. # 7 at 2 (emphasis added). Plaintiff's complaint and statement of procedural challenge concede that the arbitrary and capricious standard applies in the instant matter. Plaintiff's procedural challenge seeks to conduct discovery into the identities, qualifications, and experience of Defendant's physician consultants to demonstrate possible bias.

Plaintiff's statement of procedural challenge contains a brief factual summary of medical records, letters, and the administrator's decision. *See* Dkt. # 8 at 1-6. The facts as provided, however, are confusing and incomplete. Moreover, the facts contained in the procedural challenge are nearly identical to the facts alleged in Plaintiff's complaint. *Compare* Dkt. # 1 and Dkt # 8. Absent from the procedural challenge are any allegations or facts that support the contention Defendant's medical reviewers are unqualified or inexperienced.

These deficiencies notwithstanding, Plaintiff's relied upon authority does not support her contention that she is entitled to conduct the requested discovery. In support of her position, Plaintiff offers authority that suggests discovery is permissible to inquire about a administrator's bias. *See Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 619 (6th Cir. 1998) (Holding that a district court may consider evidence beyond the administrative record if offered in support of a procedural challenge such as an administrator's alleged bias). Plaintiff also relies on *Jones v. Metropolitan Life Ins. Co.*, 385 F.3d 654, 661 (6th Cir. 2004), and *Glenn v. Metlife*, 461 F.3d 660, 665 (6th Cir. 2006). Both of these cases support the general notion that a court reviewing an ERISA case under the arbitrary and capricious standard should not "rubber stamp" the administrator's decision. *Jones*, 385 F.3d at 661. Instead, courts should evaluate "the quality and quantity of the

medical evidence and opinions . . . " *Glenn,* 461 F.3d at 665. The Court acknowledges that it may consider "the existence of a conflict of interest" when the administrator is responsible to make the disability determination and pay the benefits. *Glenn*, 461 F.3d at 666.

Each of the propositions advanced by Plaintiff are relevant to the Court's evaluation of the administrative record under the arbitrary and capricious standard. Ultimately, however, the authority offered by Plaintiff is inapposite with respect to the requested relief. Plaintiff does not coherently articulate a basis for searching out Defendant's physician consultants' particular qualifications.

In light of Plaintiff's procedural challenge, the March 28, 2008 deadline to file cross-motions has passed. The scheduling order indicates that in the event a party filed a statement of procedural challenge, the filing date would be adjourned. *See* Dkt. # 7 at 2. Thus, the filing date will be reset. Plaintiff filed a cross-motion on March 26, 2008, but Defendant has not. Plaintiff may rely on her cross-motion as filed, or she may withdraw the motion and file an amended cross-motion.

Accordingly, it is **ORDERED** that Plaintiff Karyn Benson's motion to conduct discovery contained in the statement of procedural challenge [Dkt. # 8] is **DENIED**.

It is further **ORDERED** that the parties shall file their cross-motions and briefs to reverse or affirm the administrator's decision **on or before June 6, 2008**. The remainder of the scheduling order shall remain in full force and effect.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: April 25, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 25, 2008.

        s/Tracy A. Jacobs
        TRACY A. JACOBS